## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KYEEM KING,

    Plaintiff,

    v.

RONALD S. WEBER, and
OFFICER FERN,

    Defendants.

Civil Action No.:  JRR-24-571

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss, or in the Alternative, for Summary Judgment filed by Defendant Warden Ronald S. Weber.  ECF No. 23 (hereafter the "Motion").  Warden Weber seeks dismissal or summary judgment in his favor on the claims asserted against him in Plaintiff Kyeem King's Complaint (ECF No. 1).  Mr. King responded in opposition to the Motion, and Warden Weber replied.  ECF Nos. 27, 29.  Upon review of the record, a hearing is not necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons stated below, Warden Weber's Motion shall be GRANTED.[1]

## BACKGROUND

### A.  Mr. King's Complaint

Mr. King, a self-represented plaintiff, filed this Complaint on February 23, 2024, while incarcerated at Western Correctional Institution ("WCI").  ECF No. 1.  He alleges that on February 13, 2024, before entering the visitation room, "Officer Fern" told him that he "could not wear [his]

---

[1] Together with his dispositive Motion, Warden Weber filed Motions for Extension of Time (ECF No. 21) and for Leave to File Excess Pages (ECF No. 22), both of which shall be granted.  Also pending is Warden Weber's Motion to Strike the Notice of Appearance of Assistant Attorney General Laura Mullally, who has retired (ECF No. 25), and Motion for Extension of Time to file a reply to Mr. King's opposition (ECF No. 28), which shall both be granted.  Finally, Mr. King recently filed a Motion to Supplement and Motion to Appoint Counsel (ECF No. 30); because the case is being dismissed, Mr. King's Motions shall be denied as moot.

Islamic head gear (kifiya)." *Id.* Mr. King alleges that his First Amendment rights were violated and files this complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. On March 20, 2024, Mr. King supplemented the Complaint to include an allegation that on March 10, 2024, he was subjected to intimidation when an unnamed officer told him that "it would be a good move to withdraw this ARP form on this situation." ECF No. 4. On April 5, 2024, Mr. King again supplemented his Complaint with a copy of a Request for Administrative Remedy ("ARP") regarding the February 13, 2024, incident during which he was prevented from wearing his religious head gear. ECF No. 6. Mr. King submitted additional records regarding the ARP process on May 2 and 16, 2024. ECF Nos. 7-8.

### B.  Defendant's Response

In the Motion, Warden Weber argues the Complaint should be dismissed because 1) Mr. King failed to exhaust administrative remedies prior to filing suit; 2) Mr. King fails to state a claim;[2] and 3) Warden Weber is entitled to qualified immunity. ECF No. 23-1 at 1-2.

### STANDARDS OF REVIEW

### A.    Motion to Dismiss

Warden Weber's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56, and includes several exhibits for the court's consideration. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to

---

[2] Warden Weber specifies several reasons why the Complaint is not sufficient to state a claim, including that the Complaint fails to establish a claim under RLUIPA, a claim under RFRA, a habeas corpus or tort claim, or a violation of Fourteenth or First Amendment constitutional rights. ECF No. 23-1.

consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). By cooperation of Rules 12(b)(6) and 12(d), however, a court has discretion to consider matters outside of the pleadings. If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. Nov. 29, 2016) (per curiam). Importantly, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and, as Defendant does here, submits matters outside the pleadings for the court's consideration, the parties are deemed on notice that conversion under Rule 12(d) may occur. In such an instance, the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC*, 672 F. App'x at 622 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Charles Alan Wright & Arthur R. Miller, *Federal Precative & Procedure* § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id*. at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id*. at 165, 167.

### B.    Discovery

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries*, *Inc*., 637 F.3d 435, 448-49 (4th Cir. 2012); *Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. July 14, 2016) (*per curiam*); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). But "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. FED. R. CIV. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). The non-moving party's failure to file a Rule 56(d) affidavit, however, does not free a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56[(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th

Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

### C.    Summary Judgment

Summary judgment is governed by Rule 56, which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat a Rule 56 motion for summary judgment. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting FED. R. CIV. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile*

*Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45.  Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact.  *See Anderson*, 477 U.S. at 247-48.  If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment.  *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).  On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law."  *Id*. at 252.  And "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id*.

Because Mr. King is self-represented, his submissions are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, the court must also abide its "'affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## DISCUSSION

Warden Weber raises the affirmative defense that Mr. King has failed to exhaust his administrative remedies.  ECF No. 23-1 at 11.  If Mr. King's claims have not been properly presented through the administrative remedy procedure, they must be dismissed pursuant to the

Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).[3]

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. Appx. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by a defendant.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).  Nevertheless, a claim that has not been exhausted may not be considered by this court.  *See Bock*, 549 U.S. at 220.  In other words, exhaustion is mandatory.  *Ross v. Blake*, 578 U.S. 632, 639

---

[3] Plaintiff's RLUIPA claim, like all prisoner conditions claims, must be exhausted before it can be brought in federal court. *Tillman v. Allen*, 187 F.Supp. 3d 664, 672 (E.D. Va. 2016) (dismissing without prejudice RLUIPA claims for failure to exhaust under the PLRA); *Germain v. Shearin*, 653 Fed. App'x 231 (4th Cir. 2016) (holding inmate who brought claim under RLUIPA failed to exhaust his administrative remedies as required by the PLRA); *Corpening v. Hargrave*, 2015 WL 2168907 *2 (W.D.N.C. 2015) (citing *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060-61 (9th Cir. 2007) (holding that the PLRA requires exhaustion of administrative remedies before an action may be brought under any federal law, including the ADA and Rehabilitation Act).

(2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Generally, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

In Maryland prisons, the Administrative Remedy Procedure ("ARP") is the administrative process that must be exhausted. MD. CODE REGS. § 12.02.28.02(B)(1), (D) (2018). First, a prisoner must file an ARP with the warden within 30 days of the incident at issue. MD. CODE REGS. § 12.02.28.05(D)(1) (requiring filing with the "managing official"); *Id*. § 12.02.28.02(B)(14) (defining "managing official" as "the warden or other individual responsible for management of the correctional facility"); *Id*. § 12.02.28.09(B) (setting 30-day deadline). Second, if the ARP is denied, or the inmate does not receive a timely response, a prisoner must file an appeal with the Commissioner of Correction within 30 days. *Id*. § 12.02.28.14(B)(5). If

the appeal is denied, the prisoner must appeal within 30 days to the Inmate Grievance Office ("IGO"). MD. CODE. ANN., CORR. SERVS. §§ 10-206, 10-210; MD. CODE REGS. § 12.07.01.05(B). Inmates may seek judicial review of the IGO's final determinations in a Maryland Circuit Court. MD. CODE ANN., CORR. SERVS. § 10-210(a).

In support of his argument that Mr. King failed to exhaust his administrative remedies, Warden Weber submits the Declaration of Kristina Donnelly, M.A., Special Assistant to the Director of the Patuxent Institution, who attaches copies of Mr. King's ARP records regarding his allegation that he was prevented from wearing religious head gear on February 13, 2024. ECF Nos. 23-2, 23-4. The documents include an ARP filed by Mr. King dated February 14, 2024, stamped received on February 16, 2024, in which he complains that he was prevented from wearing his Islamic head gear for a video visit on February 13, 2024. ECF No. 23-4 at 3. The ARP was dismissed on March 11, 2024, because the religious head gear was unapproved; the dismissal noted that "approved religious headgear may be worn, however it may not be altered or homemade." *Id*. at 5. Mr. King filed an appeal to the Commissioner of Correction, dated March 31, 2024, and stamped received on April 10, 2024. *Id*. at 11. On May 22, 2024, DPSCS Chief of Religious Service Keith Kitchen was directed to investigate the complaint as stated in the ARP. *Id*. at 6. In a report dated May 24, 2024, Kitchen found that the relevant headgear was identified as a scarf by a Chaplain, and that Sunni males are not allowed to wear scarves as personal religious items. *Id*. at 8. Thereafter, Mr. King's appeal to the Commissioner of Correction was dismissed on June 26, 2024, noting that the head gear at issue was a scarf which is not "an authorized personal property item to purchase, wear, or possess." *Id*. at 1.

On February 24, 2025, Mr. King filed a response in opposition to Warden Weber's Motion, urging that he has exhausted all of his administrative remedies, that he submitted a claim to the

IGO, and did not receive a response.  ECF No. 27 at 1, 8.  Mr. King presents no admissible record evidence to generate a dispute of fact as to Warden Weber's evidence that he failed to exhaust his administrative remedies prior to filing this case.  Further, Mr. King does not contest the authenticity of the records submitted by Warden Weber, which demonstrate that he continued to pursue administrative remedies in the months following the filing of this suit.  *See* ECF No. 23-4.  The undisputed facts, however, also demonstrate that Mr. King filed this suit prior to exhausting his administrative remedies.

As such, the Complaint must be dismissed without prejudice to permit refiling once administrative remedies have been exhausted.[4]  *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.").  This court has consistently recognized the principle that exhaustion must be completed prior to filing suit.  *See, e.g.*, *Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *8 (D. Md. July 14, 2015); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. Nov. 11, 2015).

The court addresses here Mr. King's inclusion of "Officer Fern" as a defendant.  ECF No. 1.  Service was not accepted on behalf of Officer Fern, because she was unable to be identified.  ECF No. 23-1 at 1, n.1.  Mr. King has since corrected the name of this defendant, stating that he intended to sue an Officer Ferris and asks that the record be corrected.  ECF No. 30.  Mr. King's request to add defendant Officer Ferris is granted; however, as the court concludes as a matter of law based on the undisputed facts that Mr. King is not entitled to pursue this action at this time due to his failure to exhaust his administrative remedies, as explained below, the Complaint will

---

[4] The court does not reach Warden Weber's arguments regarding failure to state a claim and qualified immunity, as the Complaint is being dismissed for failure of administrative remedy exhaustion.

be dismissed without prejudice against this defendant notwithstanding that he or she has not been identified or served.

The court may dismiss a complaint *sua sponte* for failure to exhaust administrative remedies where failure to exhaust is clear on the face of the complaint. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Mr. King attaches to his Complaint filed February 23, 2025, a copy of an ARP receipt he filed on February 14, 2024, complaining that "Officer Fern" told him he could not wear his Islamic head gear in the visitation room. ECF No. 1-1. As the Complaint was filed less than ten days following submission of this ARP, it is clear on its face[5] that Mr. King failed to exhaust his administrative remedies prior to filing suit in this court.

## CONCLUSION

By separate order, Warden Weber's Motion, construed as a motion for summary judgment, is granted, and the Complaint is dismissed without prejudice for failure to exhaust administrative remedies.[6] Likewise, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) for failure to exhaust administrative remedies as to unserved defendant Officer (Fern or) Ferris. Warden Weber's Motions for Extension of Time (ECF Nos. 21, 28), Motion for Leave to File Excess Pages (ECF No. 22), and Motion to Strike Notice of

---

[5] Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are integral to and "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see also U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Here, the subject ARP gives rise, in part, to Mr. King's asserted entitlement to pursue this action, rendering it integral to the Complaint; and, as said, Mr. King incorporates into the Complaint. Further, there is no challenge as to its authenticity. Therefore, the court considers it as reflected above.

[6] While Mr. Weber has moved for summary judgment, and the court has considered evidence attached to the Motion in reaching the conclusion herein, the Fourth Circuit advises that dismissal for failure to exhaust administrative remedies should be without prejudice. *Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (collecting cases); *Germain v. Shearin*, 653 F. App'x 231, 234–35 (4th Cir. 2016) (finding dismissal "mandatory" for failure to exhaust and affirming district court's grant of summary judgment, but modifying order to be dismissal without prejudice).

Appearance (ECF No. 25) are granted *nunc pro tunc*.  Mr. King's Motion to Supplement the

Complaint and to Appoint Counsel (ECF No. 30) is denied as moot.

/S/
_____

May 24, 2025                                    Julie R. Rubin
                                                United States District Judge